(C. D. 637)

New York Match Co., Inc., et al. *v.* United States

United States Customs Court, Third Division

(Decided May 25, 1942)

*Lamb & Lerch (David A. Golden* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General (*William J. Vitale,* special attorney),
for the defendant.

Before Cline, Keefe, and Ekwall, Judges

Ekwall, Judge: In this suit against the United States there are involved certain matches of the strike-on-the-box type imported from Sweden. They were appraised at the United States value as defined in section 402 (e) of the Tariff Act of 1930, which value included an excise tax, imposed by section 612 of the Revenue Act of 1932. The importer, being dissatisfied with the value found by the appraiser, filed an appeal to reappraisement and tried out a test case (Reap. 105177–A). · In view of the pendency of the test case subsequent entries involving the same issue were entered on so-called duress entries in which the importer added, to meet advances by the appraiser in the pending test case, an amount equal to the excise tax. The test case was taken to the Court of Customs and Patent Appeals and decided in *John H. Faunce, Phila., Inc.* v. *United States,* 25 C. C. P. A. (Customs) 131, T. D. 49245. That court held that the excise tax was properly a part of the dutiable value of the merchandise. Thereafter the importer abandoned the appeals to reappraisement in the so-called duress entry cases and those entries were liquidated on the appraised value which in each case was the importer's duress entered value, and represented the United States value which included the amount of the excise tax.

From the liquidation of the so-called duress entry cases the importers protested, claiming that the collector had failed to designate for examination and the examiner had failed to examine the statutory number of packages as provided in section 499 of the Tariff Act of 1930, and that the appraisement was therefore invalid. It was further claimed in the importer's protest that the liquidation based

upon such void appraisement was likewise void. This contention was sustained in an opinion of this court reported as *New York Match Co., Inc., et al.* v. *United States*, 3 Cust. Ct. 283, C. D. 255. It was further held in that case that in the absence of a valid appraisement and valid liquidation duty should be assessed on the entered value, citing *Canadian Pacific Railway* v. *United States*, 71 Treas. Dec. 936, T. D. 49023.

The collector of customs, following the mandate of the court, liquidated upon the basis of importer's entered values as stated in the duress certificates filed in each case.

The instant protests were filed against this interpretation of the court's mandate, which is in the following language:

\* \* \* that the protests in so far as they claim that the appraisements were illegal and void and liquidations based thereon were void, are sustained and the collector of customs at the port of New York will reliquidate upon the basis of the entered value in each case.

At the hearing no. testimony was introduced. The twenty-one cases were consolidated and submitted upon a statement by the plaintiff's attorney of the facts above set forth, and time was granted each side for briefs.

The issue presented to the court, therefore, is whether the collector in his liquidation followed the mandate of the court above set forth.

It is the contention of the plaintiff that sections 499 and 503 of the Tariff Act of 1930, when read in conjunction with the above mandate, require liquidation on the basis of the importer's "claimed" value.

The pertinent portions of those sections of the statute are as follows:

SEC. 499. \* \* \*

\* \* \* The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined. \* \* \*

SEC. 503. DUTIABLE VALUE.

(a). GENERAL RULE.—Except as provided in section 562 of this Act (relating to withdrawal from manipulating warehouses) and in subdivision (b) of this section, the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the entered value or the final appraised value, whichever is higher.

The plaintiff asserts that the entered value contemplated by this section 499 is the value claimed by the importer, not the value stated on the duress certificate. This court passed upon and decided that issue adversely to the importer's contention in the case of *Jenkins Bros.* v. *United States*, 73 Treas. Dec. 524, T. D. 49480. We quote the language of the court as follows:

We are not in accord with the view stated above to the effect that the entered value of so-called duress entries is not the "entered value" contemplated by the statute. The provisions of law relative to the making of so-called duress entries were enacted to afford the importer a means of avoiding payment on his entered value in certain cases and also the payment of additional duties for undervaluation. He may avail himself of the privilege or he may rely on his belief that the values in the test case are the correct values, just as he chooses. If he elects, however, to make a so-called duress entry, the values at which he makes said entry are his entered values for all purposes.

This decision was adhered to on rehearing (Abstract 41875) and was in conformity with the law in effect at the time of the appraisement of the merchandise in that case and in the case at bar, which was prior to 1938. No appeal was taken from the decision. The collector in his liquidation of the entries here involved acted in conformity with the views above set forth in interpreting the judgment of this court. We therefore find that the plaintiff's claim should be and the same is hereby overruled. Judgment will be rendered for the defendant.